## Case No. 7,588.

### JUSTICE v. JONES.

[1 MacA. Pat. Cas. 635.]

Circuit Court, District of Columbia. June, 1859.

PATENTS—INTERFERENCE APPEALS—EXTENSION OF TIME—PRIOR USE—ABANDONMENT.

[1. An applicant filed with the secretary of the interior a petition in the nature of an appeal from an adverse decision of the commissioner, and pending this proceeding the time fixed by the commissioner for an appeal to the circuit court expired. The secretary refused to interfere, but directed that the time for an appeal to the court be extended, and the commissioner so ordered. *Held*, that as the time to be allowed for such appeals lies in the discretion of the commissioner (Act 1839, § 11; 5 Stat. 354), he had full authority to make the extension, and the court had consequently had jurisdiction of the appeal.]

[2. A willful omission to apply for a patent for more than two years after one becomes aware that another is publicly using and claiming the invention as his own, and failure during that time to give any warning or make any objection, bars any right to a patent.]

[Appeal from the commissioner of patents.]

This was an interference between the application of D. D. Jones, assignee of Edmund Morris, for a patent for an improved slate frame, and a patent granted to Edwin Young, April 8th, 1856, No. 14,624, upon the following claim: "As a new article of manufacture, a slate frame, made of a single piece of wood, 'B,' provided with a groove to receive the edge of the slate, and bent so as to fit it with the ends fastened together." Subsequent to the decision of the commissioner awarding priority of invention to Jones, assignee of Morris, Phillip S. Justice, assignee of Young, filed with the secretary of the interior a petition in the nature of an appeal, asking that the commissioner be forbidden to issue a patent to Morris. Pending the decision of the secretary upon this, at that time, unusual application, the limit of appeal to the circuit court of the district had expired. Young had paid the appeal fee within the designated time, but had not filed in the office his reasons of appeal specifically set forth in writing. The secretary declined to interfere with the decision of the commissioner, but directed that the limit of appeal from his decision be extended, and it was thereupon so ordered by the commissioner. Question was raised before the judge as to the power of the secretary to control the action of the commissioner in a matter of this kind, and as to the jurisdiction of the judge when an appeal was taken under such circumstances. The reasons of appeal were as follows:

(1) Because it was shown and made to appear to the commissioner of patents that the slate frame sought to be patented by Morris had been in public use and on sale "with the applicant's consent or allowance" for more than two years prior to his application for a patent; and it appearing from Morris' testimony that he (Morris) knew of the public use and sale of said slate frame more than two years before his application for a patent; and that he (Morris) never made any objection to such public use and sale, nor took any measures to assert his right to said invention until two years four months and twenty-six days after a patent had been granted to Edwin Young for the same invention. The limit of time allowed by law, as stated in the seventh section of the act of 1836 [5 Stat. 119], as modified by the seventh section of the act of 1839 [5 Stat. 354], having expired, the commissioner of patents had no authority under the law to award a patent to Morris or grant one to his assignee, and should have so decided, and rejected Morris' application for a patent for said invention.

(2) Because the commissioners of patents have for a series of years, and in numerous cases, exercised jurisdiction on the question of abandonment by the inventor or applicant, such jurisdiction having been repeatedly affirmed by the appellate judge on appeals from the decisions of the commissioners of patents; therefore the said commissioner of patents erred in neglecting or refusing to take cognizance of the question of abandonment and in awarding a patent to Morris or his assignees, when said Morris' testimony proves that the invention in question, sought to be patented by him, had been in public use or on sale with his (Morris') consent or allowance for more than two years prior to his application for a patent.

(3) Because the testimony shows that Morris did not use reasonable diligence in adapting and perfecting his invention and applying for a patent; therefore his claims cannot be set up as a bar to a subsequent original inventor who has used due diligence in adapting and perfecting his invention and in introducing it into use, so that the public have the benefit of it.

(4) Because it appears by the records of the patent office, as well as from the argument of Morris' counsel before the commissioner of patents on the interference, that Young obtained his patent without fraud, and by using due diligence introduced the invention in question into public use, so that the people had the benefit of it more than two years and ten months before Morris' application for a patent; therefore Morris lost all the right he ever had, by sleeping over his invention.

(5) Because the commissioner of patents erred in awarding a patent to Morris or his assignee "for the improved manufacture of slate frames," contrary to the established practice of the patent office and the precedents of all his predecessors in office on similar premises, as shown by the records of the patent office in the decisions of the successive commissioners of patents in the following cases, to wit (which decisions in four of the following cases have been affirmed on appeal by the Hon. James S. Morsell,

judge of the circuit court for the District of Columbia), the decision of Commissioner C. Mason, May 24th, 1854, in the case of Hunt v. Howe [Case No. 6,891], refusing said Hunt a patent, which decision was affirmed on appeal by his honor, James S. Morsell, 10th February, 1855. The decision of Commissioner C. Mason on 15th January, 1855, refusing John Alexander a patent for a coin scale. The decision of Commissioner C. Mason, June 22d, 1855, in the case of Hite v. McCormick [unreported]. The decision of Commissioner C. Mason, June 22d, 1857, in the case of Mowry v. Barber [Case No. 9,892], refusing said Mowry a patent, which decision was affirmed on appeal by his honor, James S. Morsell, on the 7th of January, 1858. The decision of Commissioner Joseph Holt, August 17th, 1858, in the case of Ellithorp v. Robertson [Id. 4,409], refusing said Ellithorp a patent, which decision was affirmed on appeal by his honor, James S. Morsell, September 28th, 1858, and further affirmed under a bill in equity by his honor, D. J. Ingersoll, of the district court of New York, October term, 1858. The decision of Commissioner Joseph Holt, January 20th, 1859, in the second case of Ellithorp v. Robertson [Id. 4,410], refusing said Ellithorp a patent, which decision was affirmed on appeal by his honor, James S. Morsell, 19th April, 1859. Decision of the appeal board in the case of John Wolf for a fire extinguisher, confirmed by Acting Commissioner S. T. Shugert 24th March, 1859. Decision of the appeal board of the 8th of April, 1859, confirmed by Acting Commissioner S. T. Shugert, reversing the decision of the examiner in the case of Wickersham v. Singer [Id. 17,610], afterwards before the judge.

H. Howson, for appellee.

(1) The right of appeal was lost by failure to file the reasons of appeal within the specified time originally set by the commissioner. The secretary of the interior had no authority to interfere and extend the limit of appeal, and the judge has no jurisdiction of an appeal so taken.

(2) Morris is the original inventor, and it does not appear when he was informed that a patent had issued to Young for that invention. The only testimony on this subject is his own statement that he learned of the patent shortly after it was issued.

(3) The authorities cited by the appellant are not applicable, for the reason that in all those cases it was clearly proved that the invention had been in public use, with the acquiescence of the inventor, for long periods of time, and in none of these cases did it appear, as here, that the patent was surreptitiously obtained in fraud of the true inventor.

J. Dennis, Jr. for appellant.

MERRICK, Circuit Judge. The limit of appeal in the present case expired on the 13th of May last, as originally assigned by the office; but on application by the appellant to the secretary of the interior, he suggested to the commissioner the propriety of extending the time of appeal to the 20th of May, which was accordingly done, and the appeal perfected within that period. The appellee protested, both before the office and before me, against the extension, and denied the jurisdiction of the secretary to direct, as also that of the commissioner to award, an extension. Had the commissioner refused to acquiesce in the suggestion of the secretary I might have been called upon to determine how far he possessed the right to control the action of the office. But inasmuch as the commissioner complied with the suggestion of the secretary, and did in fact grant the extension, no question is before me as to the power of the secretary; and as the commissioner has, within the terms of the eleventh section of the act of 1839, discretion to fix the limits of appeal, he may clearly, while the case is before him, for good cause, at any time exercise that discretion; and the appeal being within the limit finally assigned by him, I must overrule the objection taken to my exercise of jurisdiction, and determine that the case is properly before me upon its merits.

The first error assigned by the appellant in his reasons of appeal from the decision of the commissioner is that the applicant is not entitled to a patent because the invention had been in public use with the applicant's consent or allowance for more than two years prior to his application. The first, second, and third articles of the agreement of admissions made between the parties on the 10th of March, 1859, signed by their counsel, of record in the case, show distinctly that Morris knew of the application of Young for a patent pending the application which was made on the 28th of November, 1855, and the patent granted March 26th, 1856; that Morris and his assignee (Jones) both knew of Young's patent shortly after it was granted, and that they both knew of the manufacture by Young of the patented articles shortly after he began to make them, and that they were publicly sold in Philadelphia and New York, and that the manufacture had been constant from thenceforth. It also appears that with this knowledge both parties remained entirely quiescent until, on the 16th of August, 1858, Jones proposed to Morris that if he would testify to the priority of the invention by himself, and this were sufficient proof, he would join him in an attack upon Young's patent. (See Jones' letter, dated August 14th, 1858, marked "Jones' Exhibit 13.") Soon after this $500 (the price of the oath) was paid; and on the 4th of September, 1859, the application for a patent was made in the name of Jones, as assignee. Upon this state of facts it is entirely unnecessary to consider any other portion of the testimony or any other of the reasons

of appeal. A clear case of disability to prosecute a claim for a patent is made out within the seventh section of the act of 1839; and although it may be true, as held by the commissioner, that Morris was the first inventor, and that Young obtained the knowledge of the invention from Morris, yet his willful omission to apply for a patent within two years after he became aware that another was publicly using and claiming the invention, and his interposing no warning or objection whatsoever, shuts him out entirely from any right to a patent. But I deem it unnecessary to inquire into or decide the question of priority and alleged fraud, and therefore express no opinion upon them. For the reason assigned, the determination of these questions would be supererogatory.

Now, therefore, I hereby certify to the Hon. William D. Bishop, commissioner of patents, that having assigned the 6th day of June instant for hearing said appeal, and the parties having been assisted by written arguments of counsel. I have considered said cause, and I do therefore adjudge and determine that there is error in the decision of the commissioner of patents heretofore rendered in this case awarding a patent to D. D. Jones, assignee of Edmund Morris; that said decision is hereby reversed, and that a patent must be refused and his said application be finally rejected and dismissed.